# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 18, 2002 Session

## STATE OF TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES v. R.M.M.,SR.

**Appeal from the Juvenile Court for Knox County**
**No. K2519    Carey E. Garrett, Judge**

**FILED SEPTEMBER 23, 2002**

**No. E2001-02678-COA-R3-JV**

---

CHARLES D. SUSANO, JR., J.,dissenting.

I cannot concur in the majority opinion. I agree with the trial court's conclusion that there is clear and convincing evidence of a ground for termination of R.M.'s parental rights and clear and convincing evidence that termination is in the "best interests," *see* T.C.A. § 36-1-113(c)(2), of R.M.II.

If Dr. Hanaway's testimony is to be believed – and the trial court certainly did accredit that evidence – R.M. has a serious mental illness, *i.e.*, "schizo-affective disorder which consists of schizophrenia and concurrent symptoms of major depression, mania or a mixed mood disorder," requiring that he take medication; he will be required to take this medication for the rest of his life; he does not acknowledge that he has a serious mental condition; he does not believe that he needs to be on medication; he has chosen, in the past, to go off his medication necessitating his hospitalization; he believes the doctors who have treated him "don't know a thing"; and he told Dr. Hanaway "he would take medication until he gets little [R.M., II] back and then will stop taking his medication." The trial court made a specific finding as to Dr. Hanaway's testimony regarding R.M.'s statements about his plans to cease taking his medicine:

> The Court finds and believes that [R.M.] made these statements and
> will in all probability quit taking his medication when the case ends.

In my judgment, the evidence does not preponderate against the trial court's factual determinations, *see* Tenn. R. App. P. 13(d), or his finding that the evidence shows, clearly and convincingly, that the parental rights of R.M. should be terminated. I recognize that R.M.II, soon

to be four-years-old, is not presently in R.M.'s care; but the majority decision may well prompt a reunification of this boy with his father. Given the trial court's findings, such a result, in my judgment, may place R.M.II in a very unstable home with very uncertain results. I believe such a scenario has a very high probability of occurring. I further believe that termination of R.M.'s parental right now are in keeping with the purposes of the relevant statutory schemes. *See* T.C.A. §§ 36-1-101, 37-2-401.

I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE